UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSHUA S. THORNTON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-455-JD-MGG |
| ARNOLD, | |
| Defendant. | |

OPINION AND ORDER

Joshua S. Thornton, a prisoner without a lawyer, filed a complaint alleging Sgt. Arnold amputated part of his right index finger at the Indiana State Prison. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Thornton alleges Sgt. Arnold amputated his right index finger to the first knuckle on April 14, 2022, when he closed his cell door while he was in mechanical restraints. He alleges Sgt. Arnold deliberately pressed the door closed knowing it was removing part of the finger. The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but

maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). "[T]he question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation marks and citation omitted). Based on the allegations in the complaint, Thornton states a claim against Sgt. Arnold for using excessive force against him.

Thornton alleges Sgt. Arnold denied him constitutionally adequate medical treatment by throwing away the severed finger rather than retrieving it so a doctor could attempt to reattach it. To prevail on a claim for a denial of medical treatment, Thornton must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). It is possible the severed fingertip was so severely damaged it did not appear it could be reattached. It is possible Sgt. Arnold was so engaged in getting Thornton to

medical assistance that he overlooked retrieving the finger. However, as alleged, the complaint states a claim for a denial of constitutionally adequate medical treatment.

Thornton alleges Sgt. Arnold called him a "snitch" because he complained about having part of his finger amputated. "[I]t's common knowledge that snitches face unique risks in prison . . .." *Dale v. Poston*, 548 F.3d 563, 570 (7th Cir. 2008). This is because a snitch threatens other inmates by reporting their misbehavior to prison officials. Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). To state a claim for failure to protect, a plaintiff must establish the defendant "had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010) (citation omitted).

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556

U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Here, Thornton does not allege facts showing other inmates posed an impending harm to him as a result of Sgt. Arnold calling him a snitch after he reported the amputation of part of his finger.

Thornton alleges Warden Ron Neal failed to investigate and attempted to cover up the incident. The only fact alleged about Warden Neal is that he denied his grievance. ECF 2-1 at 3. The grievance response states video of the incident was reviewed. Clearly Thornton was not satisfied with the investigation and wanted more done. However, "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause . . .." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). "[P]rison officials who reject prisoners' grievances do not become liable just because they fail to ensure adequate remedies." *Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017).

For these reasons, the court:

(1) GRANTS Joshua S. Thornton leave to proceed against Sgt. Arnold in his individual capacity for compensatory and punitive damages for amputating part of his right index finger on April 14, 2022, in violation of the Eighth Amendment;

4

(2) GRANTS Joshua S. Thornton leave to proceed against Sgt. Arnold in his individual capacity for compensatory and punitive damages for denying him constitutionally adequate medical treatment in violation of the Eighth Amendment by throwing away the severed finger rather than retrieving it so a doctor could attempt to reattach it;

(3) DISMISSES all other claims;

(4) DISMISSES Ron Neal;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. Arnold at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 2);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Arnold to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 31, 2022

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT